**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles Bret SWOAPE, Defendant–
Appellant.**

No. 94–1412.

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1994.

Decided July 29, 1994.

Barry R. Elden, Asst. U.S. Atty., Pamela Pepper (argued), Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

James A. Graham (argued), Chicago, IL, for defendant-appellant.

Before CUDAHY, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

C. Bret Swoape entered a bank, leveled a shotgun at a teller, and demanded money. He directed all of the bank's employees to lie on the floor, leapt the counter, and scooped up more than $12,500 before fleeing in a stolen car. Soon he switched to another stolen car, which loses the police in the movies but not always in real life. A police car took up pursuit, caught Swoape at a roadblock, and pushed his car into a ditch. Swoape bounded out, shot the officer, and got his car back under way. By now several additional patrol cars were in the hunt. After a high-speed chase through a populated area, an officer rammed Swoape's car, which swerved into the parking lot of a McDonald's restaurant. There Swoape made a stand, firing his shotgun and hitting two more officers. Before he could reload, the remaining officers took him into custody. The three wounded officers lived, but one has permanent injuries. Swoape pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and was sentenced to 212 months' imprisonment.

The base offense level for robbery is 20. U.S.S.G. § 2B3.1(a). The district

judge added two levels because Swoape robbed a financial institution, § 2B3.1(b)(1), seven levels because he discharged a firearm, § 2B3.1(b)(2)(A), four levels because this inflicted serious bodily injury, § 2B3.1(b)(3)(B), and one level because the loss exceeded $10,-000, § 2B3.1(b)(6)(B). That brought the offense level to 34 within the confines of § 2B3.1. Then the district judge added levels from two generally applicable guidelines: three levels from § 3A1.2(b) because Swoape assaulted a person whom he knew to be a law enforcement officer, and two levels from § 3C1.2 because Swoape "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer". Deducting three offense levels for acceptance of responsibility, § 3E1.1(b), left a total of 36, which, combined with a criminal history category of I, produced a presumptive sentencing range of 188–235 months. Swoape believes that this is at least two levels too high—that the two point addition under § 3C1.2 is double counting. An offense level of 34 would mean a range of 151–188 months and a substantially lower sentence. Swoape relies on *United States v. Sloley*, 19 F.3d 149, 154 (4th Cir.1994), which opined that "[i]f both § 3A1.2(b) and § 3C1.2 apply to a defendant, the court must apply only the former and increase the offense level by three levels."

This sentence is dictum because the district judge in *Sloley* had applied only § 3A1.2(b). The fourth circuit therefore did not need to consider whether it would have been possible to add two levels under § 3C1.2. The sentence also is wrong. The fourth circuit quoted from comment 1 to § 3C1.2, which says: "Do not apply this enhancement where . . . another adjustment in Chapter Three . . . results in an equivalent or greater increase in offense level solely on the basis of the same conduct." The Sentencing Commission included a vital qualifier—"solely on the basis of the same conduct"—that disappeared from the fourth circuit's summary of its conclusion. It is the Sentencing Commission's understanding of its rules, and not an incomplete summary by a court of appeals, that governs here. *Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). Swoape drew the three-level enhancement under § 3A1.2(b) because he shot three police officers. He received the two-level enhancement under § 3C1.2 because during the chase he recklessly endangered many civilians—motorists along the route plus bystanders during the shootout in the parking lot. This is different conduct, making cumulative adjustments appropriate. See *United States v. Mills*, 1 F.3d 414 (6th Cir.1993). Swoape would have received 37 offense levels had he surrendered immediately after shooting the first officer. His further conduct, including another high-speed chase, shooting two more officers, and subjecting bystanders to danger from both reckless driving and shotgun discharges, produced only another two levels. This is not double counting. His contention that the enhancement under § 3A1.2(b) should not have been combined with other enhancements is even less persuasive. Each enhancement responded to a separate aspect of his conduct: § 2B3.1(b)(2)(A) that he fired at a person, § 2B3.1(b)(3)(B) that the shot seriously injured the target, and § 3A1.2(b) that he knew this target to be a peace officer.

Swoape has gotten off easily. The district court readily could have departed upward on the ground that the calculation under the Guidelines did not account for two of the three officers he wounded. Instead the judge imposed a sentence 23 months below the maximum for the level 36 range. Swoape has been sentenced to 40 years by Illinois for the attacks on the police, but the state will give credit for time served in federal prison. Good time credits will reduce the state sentence to a little less than 20 years. Because Swoape is eligible for parole from the state sentence, he may be released from state custody for these events before his federal sentence has expired. (Release will just transfer custody to a different sentence; he has recently pleaded guilty to a murder unrelated to this robbery.) Swoape has no legitimate complaint.

Affirmed.