41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. FREDENBURGH, Defendant-Appellant.
 No. 94-1611.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 8, 1994.
Decided Nov. 14, 1994.
Rehearing Denied Dec. 8, 1994.
 
 Before COFFIN,* CUMMINGS, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Robert Fredenburgh, a loan officer at LaSalle National Bank, defrauded the bank of more than $2.8 million over a period of years. More than $1.8 million was extracted through a series of loans in the name of Fredenburgh's friends and nominees; another $950,000 represents the net debit balance after a complex check kite. Fredenburgh pleaded guilty to a scheme to defraud the bank, in violation of 18 U.S.C. Sec. 1344, and was sentenced to 52 months' imprisonment plus 5 years' supervised release. The only issues on appeal concern sentencing.
 
 
 2
 The scheme began in April 1991 and continued until August 1993. The district court applied U.S.S.G. Sec. 2F1.1(b)(6)(B), which, as amended effective November 1, 1991, requires a minimum offense level of 24 if the fraud "[a]ffected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense." Fredenburgh submits that the proof offered at sentencing did not show that he derived more than $1 million in gross receipts after November 1, 1991. The prosecutor concedes that such proof is essential but observes that Fredenburgh pleaded guilty to a scheme to defraud that lasted after November 1, 1991, and invokes the principle that "straddle offenses" may be sentenced at levels prescribed for conduct continuing after a change in the Guidelines. This rule was established for the onset of the Guidelines in 1987, see United States v. Kramer, 955 F.2d 479, 485 (7th Cir.1992), but is equally applicable to changes in the Guidelines or statutes affecting sentences. United States v. Couch, 28 F.3d 711 (7th Cir.1994); United States v. Korando, 29 F.3d 1114 (7th Cir.1994). It governs here.
 
 
 3
 The plea of guilty (and the factual basis laid out under Fed.R.Crim.P. 11) show that the fraud continued after November 1, 1991. If Fredenburgh wanted to avoid the higher sentences, he had only to desist before that date. He committed new fraudulent acts and so may not complain about the application of the rules governing acts in the latter part of the scheme. Of course the Guidelines themselves might provide that the penalty applies only if the $1 million threshold is reached in a prescribed period. But they do not; the rule in question elevates the penalty if "the defendant derived more than $1,000,000 in gross receipts from the offense." Fredenburgh did, by his own admission. The "offense" to which he pleaded guilty was a single fraudulent scheme, not a series of fraudulent acts, each of which brought in less than $1 million.
 
 
 4
 His further claim that his fraud did not "affect" LaSalle because it is a large and solvent bank misunderstands the guideline. Section 2F1.1(b)(6)(B) does not demand proof that the financial institution went under or was pushed to the brink. It demands proof that the fraud affected the bank, as opposed to, say, one of the bank's customers. Stealing $2.8 million from a bank "affects" that bank no matter how much net worth remains on the balance sheet. United States v. Kopshever, 6 F.3d 1218, 1221 (7th Cir.1993).
 
 
 5
 The remaining principal determinants of the sentence were a two-level addition for abusing a position of trust to commit the crime, U.S.S.G. Sec. 3B1.3, and a further two-level enhancement for more than minimal planning, U.S.S.G. Sec. 2F1.1(b)(2)(A). Fredenburgh insists that this is double counting--triple counting if added to the level 24 starting point, which Fredenburgh believes depends on an abuse of trust. Not so. One may use a position of trust to commit crimes on the spur of the moment; one may engage in elaborate planning without being an insider; one may steal $1 million at a go without either special planning or an insider's edge. The combination of careful planning, entrusted responsibility, and large stakes makes one more dangerous. The separability of the ingredients and risks makes cumulative enhancements proper. United States v. Swoape, 31 F.3d 482 (7th Cir.1994). We stressed in United States v. Bean, 18 F.3d 1367 (7th Cir.1994), that planning is "more than minimal" only relative to the ordinary means of committing the crime. A judge therefore may not enhance the penalty for a two-check kite. But Fredenburgh's scheme was very elaborate and meticulously planned by the standard of bank frauds, and there is consequently no problem with enhancement.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Of the First Circuit, sitting by designation