46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kurt Eugene LATIMER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Linwood Paul PITTMAN, Defendant-Appellee.
 Nos. 93-5672, 93-5769.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 30, 1994.
Decided: Jan. 19, 1995.
 
 Elizabeth Manton, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellant Latimer. J. Douglas McCullough, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Raleigh, NC, for Appellee United States; Lewis A. Thompson, III, BANZET, BANZET & THOMPSON, Warrenton, NC, for Appellee Pittman.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kurt Eugene Latimer and Linwood Paul Pittman each entered guilty pleas to one count of aiding and abetting a bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994), 18 U.S.C. Sec. 2 (1988), and one count of using and carrying a firearm during a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Pittman also pled guilty to carjacking, 18 U.S.C.A. Sec. 2119 (West Supp.1994). Latimer contests his sentence on three grounds, one of which has merit; we affirm his sentence in part, vacate it in part, and remand for resentencing. In Pittman's case, the government appeals the district court's dismissal of the Sec. 924(c) count on double jeopardy grounds. We reverse the dismissal order and remand for reinstatement of the Sec. 924(c) conviction and resentencing.
 
 
 2
 Latimer and Pittman robbed a bank in Wilson, North Carolina, on February 9, 1993. They met before the robbery at Pittman's house, where Latimer put on a false beard, a wig, and a suit. Pittman drove Latimer to the bank. Carrying a concealed semi-automatic pistol and a briefcase, Latimer went to the bank manager's office, told him the briefcase contained a bomb, and handcuffed the briefcase to the bank manager's wrist. Latimer showed the bank manager a remote control device which he said was a detonator, and a police scanner. He said he would know if the alarm was set off and that he would blow up the bank.
 
 
 3
 Latimer forced the bank manager to obtain money from the tellers for him, took the keys to the bank manager's truck, and drove away. After Pittman left, the bank manager tore the handle off the briefcase and threw the briefcase outside. The police were notified.
 
 
 4
 Latimer was located almost immediately, and police chased him for for over eight miles until he crashed into a roadblock. During the chase, Latimer fired at the pursuing officers. After he was stopped, Latimer shot a police officer in the arm. The bullet passed through the officer's arm without doing lasting damage, but the officer required hospitalization.
 
 
 5
 Pittman fled after the robbery and was briefly followed by police because he was speeding. When he reached the next county, Pittman abandoned his car, approached a home asking to use the telephone and then, armed with a pistol, forced 70-year-old Joseph Strickland to drive him to the Virginia border. There, Pittman released Strickland and continued on foot. His car was soon discovered; it contained an AK-47 assault rifle and ammunition. Pittman turned himself in to police in Wilson, North Carolina, a few days later.
 
 
 6
 Although the district court initially accepted Pittman's guilty plea to both carjacking and the Sec. 924(c) count, it expressed doubt about whether Pittman could be prosecuted for both. Pittman subsequently moved to withdraw his guilty plea to Count Four, the Sec. 924(c) charge. At the beginning of Pittman's sentencing hearing, the court dismissed the Sec. 924(c) count, finding that it was "of necessity included in the definition of the carjacking crime." We reverse the district court's order of dismissal because this Court has since held that Congress intended cumulative punishments under Sec. 924(c) and Sec. 2119. United States v. Johnson, --- F.3d ----, No. 93-5771, 1994 WL 411650 (4th Cir. Aug. 5, 1994).
 
 
 7
 Latimer's appeal concerns the following sentencing enhancements which were recommended by the probation officer:
 
 
 8
 (1) three levels because a dangerous weapon (the fake bomb) was displayed, U.S.S.G. Sec. 2B3.1(b)(2)(E);
 
 
 9
 (2) two levels because the bank manager was physically restrained to facilitate the offense, U.S.S.G. Sec. 2B3.1(b)(4)(B);
 
 
 10
 (3) four levels because a victim sustained serious bodily injury (the officer who was shot), U.S.S.G. Sec. 2B3.1(b)(3)(c);
 
 
 11
 (4) three levels because a law enforcement officer was assaulted during Latimer's immediate flight from the offense, U.S.S.G. Sec. 3A1.2(b).
 
 
 12
 Latimer contends first that the enhancement under section 2B3.1(b)(4)(B) for physical restraint was unjustified because the bank manager's freedom of movement was not inhibited. The facts are not in dispute. Whether Latimer's conduct amounted to physical restraint of the bank manager as the term in used in the guideline is a legal issue and is reviewed de novo. United States v. Stokley, 881 F.2d 114, 116 (4th Cir.1989).
 
 
 13
 Section 2B3.1(b)(4)(B) provides for a 2 level enhancement to the base offense level when "any person was physically restrained to facilitate commission of the offense or to facilitate escape." "Physically restrained" is defined as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. Sec. 1B1.1, comment. (n.1(i)); see also U.S.S.G. Sec. 2B3.1, comment. (backg'd). The use of the modifier "such as" indicates that "being tied, bound, or locked up" are listed by way of example rather than limitation. Stokely, 881 F.2d at 116. Stokely further provides that the definition of "restrain" includes "to control," "to take away freedom or liberty of," and "to restrict or limit." Id.
 
 
 14
 Although the bank manager was able to move within the bank with the briefcase handcuffed to his wrist, Latimer nevertheless restrained him by controlling his movement. The briefcase provided the means for that control because the manager feared that if he disobeyed Lati mer's orders, Latimer would detonate the bomb supposedly inside the briefcase. See also United States v. Doubet, 969 F.2d 341, 346 (7th Cir.1992) (ordering bank tellers into an unlocked bathroom while pointing a firearm at them constitutes "physical restraint" for purposes of the Guidelines).
 
 
 15
 Next, Latimer contends that the enhancement under section 2B3.1(b)(3)(B) for inflicting serious bodily injury on the state trooper, and the adjustment under section 3A1.2(b) for assaulting a law enforcement officer, constitute impermissible double counting because both were based on the same conduct. He concedes that one circuit has held to the contrary in United States v. Muhammad, 948 F.2d 1449, 1458 (6th Cir.1991), cert. denied, 60 U.S.L.W. 3580 (U.S.1992), but argues that Muhammad is not controlling because the 1988 version of section 3A1.2 at issue in that case did not take into account injury to the victim.
 
 
 16
 His argument is without merit. Guideline section 1B1.1, comment. (n.4), directs that enhancements from different guidelines are to be applied cumulatively unless there is a specific instruction to the contrary. We have held that the same conduct may support enhancements from different guidelines where there is no provision excluding double counting. United States v. Curtis, 934 F.2d 553, 556 (4th Cir.1991). Recently, on facts almost identical to Latimer's case, the Seventh Circuit held that separate enhancements under section 2B3.1(b)(3)(B) and section 3A1.2(b) were not double counting. United States v. Swoape, --- F.3d ----, 1994 WL 391207 at * 1 (7th Cir. July 29, 1994). Therefore, the district court did not err in making both enhancements.
 
 
 17
 Finally, Latimer claims for the first time on appeal that the enhancement under section 2B3.1(b)(2)(E) for brandishing, displaying, or possessing a dangerous weapon was error because it is expressly prohibited where a defendant is also convicted under Sec. 924(c). U.S.S.G. Sec. 2K2.4, comment. (n.4). Because he did not address the issue in the district court, it is reviewed under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). Plain errors affecting substantial rights may be corrected by a Court of Appeals even though the defendant has forfeited review of the issue by not raising it below. Id. at 4423-24.
 
 
 18
 The government concedes that the enhancement was wrongly made under the guidelines and that two decisions from other circuits so hold. See United States v. Duran, 4 F.3d 800, 804 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3471 (U.S.1994); United States v. Smith, 981 F.2d 887, 893 (6th Cir.1992). Because the error is plain and adversely affected Latimer's sentence, resentencing is required.
 
 
 19
 Accordingly, in No. 93-5672, we affirm Latimer's sentence in all respects except for the enhancement under U.S.S.G. Sec. 2B3.1(b)(2)(E); the sentence is vacated and remanded to allow resentencing without the enhancement. In No. 93-5769, we reverse the district court's dismissal of the Sec. 924(c) count to which Pittman pled guilty, and remand for reinstatement of that charge and resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 No. 93-5672--AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 No. 93-5769--REVERSED AND REMANDED