**UNITED STATES of America, Appellee,**

v.

**Gerald MINER, Appellant.**

**No. 96–1300EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1996.

Decided March 19, 1997.

Kathi Lynn Chestnut, St. Louis, MO, for appellant.

Thomas Joseph Mehan, Assistant U.S. Attorney, for appellee.

Before FAGG and LOKEN, Circuit Judges, and KYLE,* District Judge.

FAGG, Circuit Judge.

Based on tips from a confidential informant and extensive police surveillance, the Government charged Gerald Miner with eight drug- and gun-related offenses. A jury convicted Miner on all the charges, and Miner appeals. We affirm.

Initially, Miner contends the police illegally seized cocaine base and guns that were found in his bedroom. Contrary to Miner's view, the investigating officer's confirmation of the confidential informant's incriminating information provided probable cause for the search warrant on Miner's home. *See United States v. Robertson,* 39 F.3d 891, 892–94 (8th Cir.1994). Miner's belief that he was entitled to learn the informant's identity is unjustified because the informant neither witnessed nor participated in Miner's charged offenses. *See United States v. Sykes,* 977 F.2d 1242, 1245–46 (8th Cir. 1992). We also reject Miner's contention that the district court should have suppressed a gun he discarded during an attempt to elude the police. Besides failing to present any evidence to support his motion

*The Honorable Richard H. Kyle, United States District Court Judge for the District of Minnesota, sitting by designation.

to suppress, Miner abandoned the gun by throwing it to the ground when the police were in hot pursuit. *See United States v. Willis,* 967 F.2d 1220, 1223 (8th Cir.1992). Likewise, Miner cannot contest the seizure of a white sock filled with cocaine from the home of Miner's drug-dealing partner. *See United States v. Davis,* 103 F.3d 660, 671–72 (8th Cir.1996) (defendant must have legitimate expectation of privacy in the areas searched).

Miner also challenges the sufficiency of the evidence to support his convictions for being a felon in possession of ammunition and for possessing cocaine with the intent to distribute. Viewing the record in the light most favorable to the verdict, we conclude there is ample evidence of Miner's guilt. Although the gun Miner used to shoot and wound Darrell Adams was never located, the police did find Miner's spent cartridges at the scene of the shooting, and Adams gave detailed testimony about the episode. As for the drug offense, a narcotics officer saw Miner hand his drug partner the white sock containing cocaine. Miner's related arguments that Adams's testimony was unfairly prejudicial and that the district court improperly admitted evidence about Miner's earlier involvement with drug- and gun-related activities are without merit.

Turning to Miner's firearm conviction under 18 U.S.C. § 924(c)(1) (1994), the Government charged Miner with using or carrying a firearm in a drug trafficking crime, and the district court's jury instructions defined use and carry collectively using virtually identical language to the instruction that was given in *United States v. Webster,* 84 F.3d 1056, 1066 (8th Cir.1996). Having been enlightened by *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472, 506 (1995), we agree with Miner that the district court described the use prong of § 924(c)(1) in a way that permitted the jury to convict Miner for using a firearm by merely having the weapon in his possession. Because Miner failed to raise the *Bailey* defect in the district court, our review is for plain error. *See United States v. Behler,* 100 F.3d 632, 639 (8th Cir.1996); *United States v. Caldwell,* 97 F.3d 1063, 1068 (8th Cir.1996);

*Webster,* 84 F.3d at 1066. When the components of plain error are present, *see United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993) (a clear error that affects substantial rights), we have discretion to correct the error, but we are not required to do so. *Id.* at 735, 113 S.Ct. at 1778. We are obliged to correct a plain error, however, when the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* at 736, 113 S.Ct. at 1778–79. The Government concedes this is a plain error case. Nevertheless, we are not convinced that we should correct the district court's plain error. At trial, there was no evidence that Miner used a firearm as the term is defined in *Bailey.* Instead, one of the arresting officers testified that shortly after the drug exchange, a handgun fell out of Miner's waistband when Miner was removed from his car. *See United States v. White,* 81 F.3d 80, 83 (8th Cir.1996) (gun tucked in waistband equals carry); *United States v. Rhodenizer,* 106 F.3d 222, 224–25 (8th Cir. 1997) (gun in car transporting drugs equals carry). For the same incident, the jury also found Miner guilty of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g) (1994).

Although Miner's case has many similarities with *Behler, Caldwell,* and *Webster,* cases in which we concluded the giving of a flawed pre-*Bailey* instruction was a forfeited plain error affecting substantial rights that warranted correction with the grant of a new trial, Miner's case is different. In *Behler,* the defendant was not charged with a § 922(g) violation, and in *Caldwell* and *Webster,* the defendants' felon-in-possession convictions were not factored into the plain error analysis. Here, with strong evidence that Miner carried a gun in a drug trafficking crime, coupled with Miner's conviction as a felon in possession of this very gun at the same place and time, we believe it is inescapably clear in circumstances where the gun was not actively employed that a properly instructed jury would have convicted Miner of carrying the gun under § 924(c)(1). Thus, the district court's flawed instruction neither resulted in a miscarriage of justice nor seri-

ously affected the fairness, integrity or public reputation of Miner's trial.

Finally, Miner contends the district court committed multiple sentencing errors. The sentencing guidelines require the cross-referencing of Miner's gun-related crimes, *see* U.S. Sentencing Guidelines Manual (Guidelines) § 2K2.1(c)(1) (1994), and the district court properly applied Guidelines §§ 2X1.1 and 2A2.1(a)(1) based on its finding that Miner committed an assault with intent to commit murder, *see United States v. Wilson,* 992 F.2d 156, 158 (8th Cir.1993) (per curiam) (clearly erroneous standard of review). Also, the district court properly increased Miner's offense level for assaulting a police officer when he rammed his car into a police roadblock, and for his chase-related conduct that created a risk of serious injury to other drivers and pedestrians. *See* Guidelines §§ 3A1.2(b), 3C1.2; *United States v. Swoape,* 31 F.3d 482, 483 (7th Cir.1994). We decline to consider Miner's remaining sentencing arguments because they were either not presented to the district court or did not have any effect on Miner's ultimate sentencing range. *See United States v. Williams,* 994 F.2d 1287, 1294 (8th Cir.1993); *United States v. Byler,* 98 F.3d 391, 395–96 (8th Cir.1996).

We affirm Miner's convictions and sentence.