UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

RYAN LEE ZATER,
　　　　　　*Defendant-Appellant.*

No. 01-4304

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-00-626)

Submitted: November 26, 2001

Decided: December 20, 2001

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Ryan Lee Zater pled guilty to: (1) conspiracy to commit armed bank robberies (18 U.S.C.A. §§ 371, 2113(a), (d) (West 1994 & Supp. 2001)), (2) using, carrying and brandishing a firearm in relation to a crime of violence (18 U.S.C.A. § 924(c)(1)(A)(ii) (West 1994 & Supp. 2001)), and (3) brandishing and discharging a firearm in relation to a crime of violence (18 U.S.C.A. § 924(c)(1)(A)(iii) (West 1994 & Supp. 2001)). He was sentenced to a total of 444 months imprisonment and five years of supervised release. Zater noted a timely appeal and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal. The time has passed for Zater to file a pro se supplemental brief, and he has not done so.

We review de novo the adequacy of a guilty plea pursuant to the standards set forth Fed. R. Crim. P. 11. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995). We find that the district court complied in all respects with the requirement of Fed. R. Crim. P. 11 and properly entered Zater's guilty plea. *United States v. Goins*, 51 F.3d at 402 (providing standard). Zater knowingly, voluntarily and intelligently offered his plea, fully aware of all the consequences that would flow from such an action. *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

Zater, through counsel, also made the following three objections at sentencing, two of which warrant attention: (1) objection to a three-level enhancement for assault on a law enforcement official during flight and which created a substantial risk of bodily injury, (2) objection to a two-level enhancement for obstruction of justice, and (3) objection to the criminal history category III as applied to Count One.* The district court properly overruled the third objection because even at the lowest criminal history category, the statutory maximum was below the applicable guidelines range, so the criminal history category did not affect Zater's sentence. The other two objec-

---

*As to the remaining counts, Zater was sentenced to the statutory minimum terms of imprisonment.

tions, however, give rise to issues of double counting and deserve some attention here.

Zater objected to the three-level enhancement he received under USSG § 3A1.2(b) for assault on an officer during flight, and argued that it addressed actions covered by the four-level enhancement he had already received under USSG § 2B3.1(b)(3) for inflicting bodily injury on a victim. In the presentence report, the probation officer recommended the § 2B3.1(b)(3) enhancement based upon the serious injuries suffered by the two police officers who gave chase to Zater, his brother, and Graves. However, the probation officer also used these injuries to justify a three-level enhancement under § 3A1.2(b). Zater argued that because both enhancements stem from the same action, i.e., inflicting serious bodily injury upon the two police officers, the invocation of both enhancements represents double counting.

We find this argument to be without merit. "Absent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together)." USSG § 1B1.1, comment. (n.4). If there are no specific provisions that instruct otherwise, then the same conduct may support enhancements from different guidelines where there is no provision excluding double counting. *United States v. Curtis*, 934 F.2d 553, 556 (4th Cir. 1991). *See also United States v. Swoape*, 31 F.3d 482 (7th Cir. 1994). Because there is no express prohibition in the guidelines against utilizing enhancements under both § 3A1.2(b) and § 2B3.1(b)(3), for the same conduct, the district court did not err in applying both enhancements to Zater. *United States v. Crawford*, 18 F.3d 1173, 1179-80 (4th Cir. 1994).

Zater also objected to the two-level enhancement he received under USSG § 3C1.2 for reckless endangerment during flight, and argued that it addressed actions covered by the three-level enhancement he had already received under USSG § 3A1.2(b) for assault on an officer during flight. In the presentence report, the probation officer recommended the § 3C1.2 enhancement based upon Zater's creation of a substantial risk of death or serious bodily harm during a high speed chase through a residential neighborhood.

Enhancements under both § 3A1.2 and § 3C1.2 require a factual determination that each is based upon separate conduct. In similar cases, other circuits have held that both adjustments may be applied where each is triggered by separate conduct. *United States v.*

*Rodriguez-Matos*, 188 F.3d 1300 (11th Cir. 1999); *United States v. Miner*, 108 F.3d 967, 970 (8th Cir. 1997); *United States v. Alexander*, 48 F.3d 1477, 1493 (9th Cir. 1995). If the defendant's action involves only a single type of conduct, however, this court has stated by way of dicta, "If both § 3A1.2(b) and § 3C1.2 apply to a defendant, the court must apply only the former and increase the offense level by three levels." *United States v. Sloley*, 19 F.3d 149, 154 (4th Cir. 1994).

The district court found Zater's conduct justifying an enhancement under § 3A1.2 was separate and distinct from the conduct justifying an enhancement under § 3C1.2. In support of the enhancement under § 3C1.2, the probation officer cited to the high-speed chase between Zater and law enforcement officers. In support of the enhancement under § 3A1.2, though, the probation officer cited to the assault that ensued during that high-speed car chase. In addition, the district court adopted the Government's distinction between the endangerment of officers and civilians that occurred during the chase through a residential neighborhood and the subsequent assault on officers during a shootout. *See also United States v. Alicea*, 205 F.3d 480 (1st Cir. 2000) (district court properly determined that vehicle chase and ensuing gunfight were two distinct sets of facts warranting enhancements under both § 3A1.2 and § 3C1.2). Further, the court noted that the shootout endangered bystanders. The district court provided a clear factual determination that it considered separate and distinct conduct for each enhancement provision. Therefore, its simultaneous application of § 3A1.2 and § 3C1.2 was appropriate.

We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*