# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1272

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Kenny Clyde Homer Bevard, II, | * |
| | * |
| Appellant. | * |

Appeals from the United States
District Court for the Southern
District of Iowa.

_____

No. 02-1475

[UNPUBLISHED]

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| Kenny Clyde Homer Bevard, II, | * |
| | * |
| Appellee. | * |

_____

Submitted:  August 21, 2002

Filed:  August 27, 2002

_____

Before HANSEN, Chief Judge, FAGG and BYE, Circuit Judges.
_____

PER CURIAM.

Kenny Clyde Homer Bevard II pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Bevard to 170 months in prison and 3 years of supervised release. Bevard appeals his sentence, arguing the district court should not have considered his juvenile adjudications during sentencing. The government cross-appeals, arguing the district court should have applied an additional sentencing enhancement to Bevard. We affirm in part, reverse in part, and remand.

First, Bevard contends his juvenile adjudications should not have been considered when the district court enhanced his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2000) ("ACCA"), because juvenile adjudications are not "prior convictions" under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Bevard's contention is foreclosed, however, by our recent decision in United States v. Smalley, 294 F.3d 1030 (8th Cir. 2002). In Smalley, we held "juvenile adjudications can rightly be characterized as 'prior convictions' for Apprendi purposes, and . . . the district court did not err in increasing [the defendant's] sentence [under the ACCA] based on his prior juvenile adjudications." Id. at 1033. Bevard argues that even if his juvenile adjudications can be considered for purposes of the ACCA, the district court committed clear error when it found Bevard's juvenile adjudications were qualifying violent crimes under the ACCA. United States v. Campbell, 270 F.3d 702, 706 (8th Cir. 2001) (standard of review), cert. denied, 122 S.Ct. 1339 (2002). We disagree. When evaluating the violent nature of the crimes that formed the basis for Bevard's juvenile adjudications, the district court relied on Bevard's charging papers and pleas of nolo contendere. See United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998). The district court found

Bevard had the three earlier convictions required for sentencing under the ACCA: one burglary conviction in Iowa, and five juvenile adjudications in Florida for armed robbery with a knife. We conclude this sentencing decision was free from error.

Second, the government contends the district court should have applied an enhancement for reckless endangerment during flight under United States Sentencing Guideline § 3C1.2 (2001). Bevard led the police on a dangerous high-speed automobile chase, during which he swerved to evade the spike-filled devices a police officer had placed on the road and drove his vehicle towards the officer standing at the side of the road (the officer dove out of the vehicle's path). Bevard continued to drive at high speeds, at times reaching 70-80 mph, sometimes driving on the wrong side of the road and in oncoming traffic, and also driving through part of a construction zone. After an officer drove into Bevard's vehicle and forced it to stop, Bevard fled into a nearby apartment and fired a shot when the police knocked on the door. Bevard escaped from this apartment and fled into a second apartment where he barricaded himself in for two hours and again fired his gun in the general direction of the police officers. The district court declined to enhance Bevard's sentence for reckless endangerment during flight under § 3C1.2 because it had already imposed a three-level sentencing enhancement for creating a substantial risk of serious bodily injury to a law enforcement officer under § 3A1.2(b). The district court explained that imposing a § 3C1.2 enhancement in addition to the § 3A1.2(b) enhancement would be impermissible double counting. See U.S. Sentencing Guidelines Manual § 3C1.2, n.1 (2001) ("Do not apply this enhancement where . . . another adjustment in Chapter Three[] results in an equivalent or greater increase in offense level solely on the basis of the same conduct."). We review the district court's findings of fact for clear error and its application of the guidelines to the facts de novo. United States v. Elliott, 89 F.3d 1360, 1370 (8th Cir. 1996).

The district court viewed the lengthy chase and the following standoff as one continuous event, but we find the high-speed car chase which endangered citizens is

not, for purposes of applying the sentencing guidelines, the "same conduct" as the standoff during which Bevard twice fired his gun in the direction of the police officers.  See  United States v. Miner, 108 F.3d 967, 969-70 (8th Cir. 1997) (in a factually similar case, we affirmed a sentence containing enhancements under both §§ 3A1.2(b) and 3C1.2); see also United States v. Gillyard, 261 F.3d 506, 511 (5th Cir. 2001), cert. denied, 122 S.Ct. 841 (2002) ("Threats to police and to bystanders that occur at different times and in different places have been viewed as two separate acts worthy of two separate enhancements under the guidelines.").  Because Bevard's various violent acts occurred at different times and affected different victims, the district court committed error when it refused to enhance Bevard's sentence for reckless endangerment during flight.

For the reasons stated above, Bevard's sentence is affirmed in part and reversed in part.  We also remand this case to the district court for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-