# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3567

_____

United States of America,          *
                                  *

        Appellee,          *     Appeal from the United States
                                  *     District Court for the Eastern
    v.                            *     District of Missouri.
                                  *

Gerald Miner,                 *
                                  *

        Appellant.         *

_____

Submitted:   September 12, 2003

Filed:    October 9, 2003

_____

Before BYE, FAGG, and HANSEN, Circuit Judges.

_____

FAGG, Circuit Judge.

The Government charged Gerald Miner with eight drug and gun-related offenses. The indictment alleged that on January 6, 1993, Miner was a felon in possession of a firearm (Count I), possessed with intent to distribute crack cocaine (Count II), and used or carried a firearm in relation to a drug trafficking crime (Count III); that on June 3, 1993, Miner was a felon in possession of a firearm (Count IV); that on November 29, 1993, Miner was felon in possession of ammunition (Count V); and that on February 11, 1994, Miner was felon in possession of a firearm (Count VI), possessed with intent to distribute cocaine (Count VII), and used or carried a firearm in relation to a drug trafficking crime (Count VIII). A jury convicted Miner

on all counts. At sentencing, the Government dismissed Count III. The district court grouped the remaining offenses under U.S.S.G. § 3D1.2. Miner did not object to the grouping. Following U.S.S.G. § 3D1.3(a) and note 3, the court then took the highest offense level (32) of the counts in the group (Count V), and added conduct enhancements based on all the behavior within the grouped counts. Adding three levels under U.S.S.G. § 3A1.2 (official victim) and two levels under U.S.S.G. § 3C1.2 (reckless endangerment during flight) for Miner's conduct during a police chase on February 11, 1994, the district court calculated a total offense level of 37 for Miner, and given Miner's criminal history category of five, sentenced Miner to 420 months in prison.

Miner appealed his convictions and sentence, and we affirmed. United States v. Miner, 108 F.3d 967 (8th Cir. 1997). We held the sentencing guidelines required cross-referencing of Miner's gun-related crimes, U.S.S.G. § 2K2.1(c)(1), the district court properly applied U.S.S.G. §§ 2X1.1 and 2A2.1(a)(1) based on its finding Miner committed assault with intent to commit murder, and the district court properly increased Miner's offense level under U.S.S.G. § 3A1.2 for assaulting a police officer when he rammed his car into a police roadblock, and under U.S.S.G. § 3C1.2 for chase-related conduct that created a risk of serious injury to other drivers and pedestrians. 108 F.3d at 970.

After we affirmed the district court's denial of Miner's motion for a new trial based on newly discovered evidence, United States v. Miner, 168 F.3d 496 (8th Cir. 1999), Miner filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion on all grounds, including Miner's challenge to the grouping of the counts at sentencing, except the limited issue that Miner's sentence exceeded the twenty year maximum on Counts II and VII. See 21 U.S.C. § 841(a)(1). We denied Miner's motion for a certificate of appealability (COA) based on the grouping of the counts for sentencing purposes. At the limited resentencing on Counts II and VII, the district court grouped Counts I, II, IV, V, VI, and VII, again

used the highest offense level of 32 from Count V, and again applied the conduct enhancements under U.S.S.G. §§ 3A1.2, 3C1.2. The district court did not group Count VIII because the statute mandates a consecutive sentence. See id. § 3D1.1(b). Although the district court determined a guideline range of 324-405 months, the district court did not apply U.S.S.G. § 5G1.2(d), which states that when the maximum sentence on the count carrying the highest statutory maximum (here, either Count II or VII, each of which carries a 20-year statutory maximum) is less than the total punishment, the sentence imposed on one or more of the other counts shall be imposed consecutively to produce a sentence equal to the total punishment. See United States v. Diaz, 296 F.3d 680, 684 (8th Cir. 2002) (en banc). Instead, the district court imposed all the grouped-count sentences to run concurrently with each other resulting in a 240 month sentence, at least seven years less than the punishment range of 324-405 months required by the Guidelines. The Government did not appeal the district court's error, however. We thus turn to Miner's challenges to the resentencing.

Miner first argues the district court committed error in increasing his offense level under U.S.S.G. §§ 3A1.2 and 3C1.2 because the February 1994 conduct underlying those enhancements (arising from the police chase) has no factual connection to Count V, the charge that Miner was a felon in possession of ammunition (arising from Miner's shooting of a man) in November 1993. Miner argues Count V should not have been grouped with the other counts. These "arguments are precluded because they raise or are essentially based on arguments" we resolved in Miner's earlier appeal and in the denial of a COA. United States v. Logan, 333 F.3d 876, 878 (8th Cir. 2003) (per curiam).

Miner next contends he should receive only a two-level increase under § 2A2.1(b)(1) for the severity of the victim's injury in computing the offense level for Count V. Before resentencing, Miner acknowledged his offense level for Count V required application of § 2A2.1, the offense guideline for assault with intent to

commit murder. We held as much in Miner's earlier appeal. <u>See</u> 108 F.3d at 970. Miner's current contention regarding the enhancement for the guideline's specific offense characteristics appears to be beyond the scope of the district court's remand and could have been raised in Miner's first appeal. In any event, the contention fails. Section 2A2.1(b)(1)(A) requires the addition of four levels to the guideline's base offense level if "the victim sustained permanent or life-threatening bodily injury." The victim's permanent scar from removal of a bullet from his neck and the presence of a bullet inside his body supports the permanent injury enhancement of U.S.S.G. § 2A2.1(b)(1)(A). <u>United States v. Cree</u>, 166 F.3d 1270, 1272 (8th Cir. 1999) (permanent facial scarring supports permanent injury enhancement); <u>United States v. Phillips</u>, 239 F.3d 829, 848 (7th Cir. 2001) (same).

Miner last asserts there is no evidence to establish his responsibility for crack cocaine seized on December 30, 1992. Because the inclusion of the cocaine had no impact on Miner's resulting sentence or the calculation of the guidelines range, we decline to consider this assertion.

We thus affirm Miner's sentence.

_____