**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-5083**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ROBERT HAMPTON TAYLOR,

                Defendant – Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00324-D-1)

———————————

Submitted:  July 9, 2009             Decided:  July 24, 2009

———————————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Terry F. Rose, Smithfield, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hampton Taylor pled guilty pursuant to a plea agreement to one count of possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2006), and one count of being a felon in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(1) (2006) & 924 (2006). In calculating Taylor's advisory guidelines range on the felon-in-possession conviction, the district court applied the U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1)(A) cross reference, after determining that Taylor committed attempted murder when he shot a law enforcement officer. Pursuant to USSG § 2A2.1(a)(1), Taylor had a base offense level of 33, which was increased four levels as the officer sustained permanent or life-threatening injuries. Taylor's offense level was then increased an additional six levels as his victim was a law enforcement officer. After a three level reduction for acceptance of responsibility, Taylor had an advisory guidelines range of 360 months to life imprisonment. The district court sentenced Taylor to life imprisonment on the felon-in-possession conviction and imposed a consecutive 120-month sentence for the possession of a firearm during and in relation to a crime of violence conviction.

On appeal, Taylor's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] Taylor first suggests that the application of the § 2K2.1(c)(1)(A) cross reference violated his right to due process. We review the legal interpretation of the Sentencing Guidelines de novo and factual findings are reviewed for clear error. See United States v. Turner, 59 F.3d 481, 483-84 (4th Cir. 1995).

According to Taylor, the application of the USSG § 2K2.1(c)(1)(A) cross reference in his case has resulted in a sentencing enhancement that is the "tail which wags the dog of the substantive offense." McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986). In support of his argument, Taylor invokes United States v. Lombard, 72 F.3d 170 (1st Cir. 1995). Lombard, though, fails to support Taylor's argument. See United States v. Fenner, 147 F.3d 360, 366 (4th Cir. 1998). Here, the district court determined, based on the law enforcement officer's testimony, that Taylor committed attempted murder in

---

[*] On February 18, 2009, the clerk's office mailed Taylor a notification that, if he wished to file a pro se supplemental brief, his brief was due on March 20, 2009. On March 4, 2009, the notification was returned to the clerk's office as Taylor was no longer at the Cumberland County Detention Center. Taylor's counsel filed a letter with this court on April 29, 2009, indicating that, on that date, she mailed Taylor notification of his right to file a pro se supplemental brief. Taylor has not submitted any pro se supplemental materials.

shooting the officer. Following <u>United States v. Booker</u>, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Long-standing authority has permitted a sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," <u>see</u> USSG § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." <u>United States v. Watts</u>, 519 U.S. 148, 156-57 (1997)(per curiam); <u>United States v. Montgomery</u>, 262 F.3d 233, 249 (4th Cir. 2001). Accordingly, the district court's application of the USSG § 2K2.1(c)(1)(B) cross reference did not violate Taylor's right to due process.

Taylor next suggests that the evidence was insufficient to support the four-level enhancement he received pursuant to USSG § 2A2.1(b)(1)(A) for permanent or life-threatening injury. A permanent or life-threatening injury is defined as an "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." USSG § 1B1.1 comment. (n.1(J)). Permanent scarring has been held sufficient to support application of the four-level

4

enhancement under § 2A2.1(b)(1)(A).  See e.g., United States v. Miner, 345 F.3d 1004, 1006 (8th Cir. 2003).  We have reviewed the record and conclude that the district court did not err in enhancing Taylor's base offense level pursuant to USSG § 2A2.1(b)(1)(A).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Taylor's conviction and sentence.  This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review.  If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED