# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1800

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Octavio Huerta-Medina, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 7, 2011
Filed: September 9, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Octavio Huerta-Medina pleaded guilty to attempting to assault, impede, and injure a federal officer engaged in his official duties, a violation of 18 U.S.C. § 111(a)(1) and (b). According to undisputed portions of the presentence report, Huerta-Medina was driving his vehicle with his pregnant girlfriend and a young child as passengers, when law enforcement officers attempted to execute arrest warrants on him. Huerta-Medina then rammed his vehicle into a police car, drove off at high speed, struck a bystander's vehicle, drove into oncoming lanes of traffic, and

ultimately collided with the victim-FBI agent's vehicle. The District Court[1] sentenced him to 70 months in prison. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), seeking to withdraw and arguing that the District Court erred by (1) applying enhancements under both U.S.S.G. § 2A2.2(b)(6) and § 3A1.2(c)(1) and (2) applying an enhancement for reckless endangerment during flight based on the same conduct encompassed in the offense Guideline, see U.S.S.G. § 3C1.2, comment. (n.1).

We conclude that the District Court properly applied the Guidelines. See United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009) (standard of review). First, the Guidelines expressly required both a 2-level increase for Huerta-Medina's conviction under section 111(b), see U.S.S.G. § 2A2.2(b)(6), and an official-victim enhancement, see U.S.S.G. § 2A2.2, comment. (n.4) ("If subsection (b)(6) applies, § 3A1.2 (Official Victim) also shall apply."). Second, we conclude that the reckless-endangerment enhancement was proper because Huerta-Medina endangered other motorists and his own passengers during the car chase and that conduct was not the same as his eventual assault of a federal officer. Cf. United States v. Miner, 108 F.3d 967, 970 (8th Cir.) (approving Chapter Three adjustments both for official victim, based on defendant's ramming his car into police roadblock, and for reckless endangerment during flight, based on defendant's conduct during car chase that created risk of serious injury to other drivers and pedestrians), cert. denied, 522 U.S. 904 (1997).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issue. Accordingly, we grant counsel leave to withdraw and we affirm the judgment of the District Court.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.