**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark Eric HAYES, Defendant–Appellant.**

No. 96–6018.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 27, 1997.

Decided Feb. 4, 1998.

Paul W. Laymon, Jr. (argued and briefed), Office of the U.S. Attorney, Chattanooga, Tennessee, for Plaintiff–Appellee.

Deirdra J. Brown (argued and briefed), Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, Tennessee, for Defendant–Appellant.

Before: MARTIN, Chief Judge;
KENNEDY and BATCHELDER, Circuit Judges.

## OPINION

KENNEDY, Circuit Judge.

Defendant, Mark Eric Hayes, pleaded guilty to two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and pleaded no contest to knowingly and forcibly assaulting a law enforcement officer while in the pursuit of his official duties, in violation of 18 U.S.C. § 111. On appeal, defendant claims the District Court committed improper double counting when it applied a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight after applying a three-level enhancement under § 3A1.2(b) for knowingly assaulting a law enforcement officer during flight. Defendant also claims the District Court erred in finding that he knew or should have known that the individual he assaulted was a police officer, thereby rendering the sentence enhancements under U.S.S.G. § 3C1.2 and § 3A1.2(b) inappropriate. For the following reasons, we **VACATE** defendant's sentence and **REMAND** the case to the District Court for resentencing on the double counting issue only.

## I.

On December 6, 1995, the Tennessee Narcotics Division and the Drug Enforcement Administration Task Force had defendant under surveillance. Sometime between 4 p.m. and 6 p.m. that day, defendant was parked in a Nissan Maxima on East 12th Street in Chattanooga, Tennessee. The street is a two-lane street in a residential neighborhood. Officer McPherson of the Chattanooga Police Department and Agent Hinton of the DEA Task Force were watching defendant from an unmarked police car, also a Nissan Maxima, facing defendant on the opposite side of East 12th Street. Agent Hinton was in the driver's seat, and Officer McPherson was in the passenger's seat. Their car was approximately 100 yards away from defendant's.

Officer McPherson gave a signal to arrest defendant. Agent Hinton drove the unmarked Maxima toward defendant and stopped two to three car lengths ahead of defendant's vehicle, on the opposite side of the street. At the same time, Detective Dunn, driving a second unmarked police car that was to the rear of defendant's vehicle, activated the blue strobe light on the dashboard and pulled the car parallel to defendant's vehicle. As Detective Dunn was getting out of this second car, Agent Hinton exited the Maxima, drew his weapon, and, standing behind the car door, yelled, "Get out of your vehicle. Police." Hinton, who was dressed in plain clothes, yelled this several times.

At this point, defendant "punched" the accelerator and the car accelerated at a high speed, aimed directly at Agent Hinton. Hinton screamed, "Stop" and jumped back into the unmarked Maxima. Defendant's vehicle hit Hinton's car door, and the door struck Hinton on the shoulder and leg as he jumped into his car. The impact shook the car, and Officer McPherson was knocked out of the car. After sideswiping the Maxima, defendant continued to drive ahead. Two or three car lengths later, he crashed head-on into a third unmarked police car, a white Lincoln Continental. Defendant was promptly arrested. Officer McPherson then heard a child crying from defendant's vehicle; when

he looked into the car, he found a five- or six-year old boy lying on the floor of the car with his nose and mouth bleeding. Officer McPherson immediately called for an ambulance. A police search revealed a quantity of crack cocaine and cocaine hydrochloride on defendant's person and in his car.

Defendant pleaded guilty to two counts of possession with intent to distribute cocaine, 21 U.S.C. § 841, and pleaded no contest to forcible assault on a law enforcement officer while engaged in his official duties, 18 U.S.C. § 111. On the two drug counts, the probation officer set defendant's base offense level at 28 and added a three-level enhancement under U.S.S.G. § 3A1.2(b) for knowingly assaulting a police officer during flight in a manner creating a substantial risk of serious bodily injury. The probation officer also added a two-level enhancement under § 3C1.2 for reckless endangerment during flight, creating an adjusted offense level of 33 on the two drug counts (Counts I and II). On the assault count (Count III), the probation officer set a base offense level of 15 and added the three-level adjustment under § 3A1.2(b) and the two-level adjustment under § 3C1.2. The probation officer additionally gave a four-level enhancement under § 2A2.2(b)(2)(B) for use of a dangerous weapon (an automobile) during the assault, creating an adjusted offense level of 24 on Count III. The District Court denied objections to the recommended enhancements and sentenced defendant to a term of 151 months on Counts 1 and 2, and to 120 months on Count 3, to be served concurrently.

## II.

■ We review *de novo* a district court's application of the Sentencing Guidelines when that application involves mixed questions of law and fact. *See United States v. Mills,* 1 F.3d 414, 421 (6th Cir.1993). We review for clear error a district court's findings of fact in connection with sentencing. *Id.*

## III.

### A. Double Counting

■ Defendant claims that the District Court erred in imposing the two-level en-hancement under U.S.S.G. § 3C1.2 on Counts 1–3. Defendant contends that the imposition of this enhancement amounts to "double counting" because his sentence was also increased by three levels under U.S.S.G. § 3A1.2(b) for what he claims was the same conduct. We agree.

Section 3C1.2 of the Sentencing Guidelines provides for a two-level increase "[i]f defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. The District Court imposed this adjustment because defendant created a substantial risk of death or serious bodily injury to the young boy riding in his car when he accelerated in an attempt to flee the police. Viewed in isolation, there is no question that the enhancement was appropriate. Defendant undoubtedly endangered the safety of the child when he punched the accelerator, sideswiped Agent Hinton's vehicle, and then crashed into the white Lincoln Continental.

The question, though, is whether the enhancement was proper given that the District Court also imposed a three-level enhancement under U.S.S.G. § 3A1.2(b), which provides for such an enhancement if "during the course of the offense or immediate flight therefrom, the defendant ..., knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury." U.S.S.G. § 3A1.2(b). The District Court imposed this enhancement because defendant assaulted Agent Hinton when his vehicle hit Hinton's car door, thereby injuring Hinton's shoulder and leg. Defendant does not challenge the propriety of this enhancement, but claims that its imposition precludes an additional enhancement under § 3C1.2. To impose both, defendant claims, constitutes double counting.

Application Note 1 to § 3C1.2 indicates that the reckless endangerment adjustment should not be applied "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely

on the basis of the same conduct." U.S.S.G. § 3C1.2, comment. (n.1). The three-level enhancement under § 3A1.2(b) was a chapter three enhancement that resulted in a greater increase in offense level than the two-level increase under § 3C1.2. The question we must decide, therefore, is whether "the same conduct" was the sole basis for enhancing defendant's sentence under both § 3C1.2 and § 3A1.2(b).

We see no sensible way to distinguish the conduct that formed the basis for the two enhancements. Defendant sought to escape from the police by punching his car's accelerator. This single, uninterrupted act resulted in injury to a law enforcement officer and put a young child in danger. Defendant's conduct risked harm to two different individuals, but the underlying conduct was the same, namely the rapid acceleration of defendant's car in the direction of other occupied vehicles. To suggest that the conduct that caused the assault of Hinton was different from that which placed the young child in danger would be "an artificial and unrealistic division of a single uninterrupted course of conduct into separate events." *United States v. Beckner*, 983 F.2d 1380, 1384 (6th Cir.1993). We, therefore, hold that the District Court erred in applying a two-level enhancement under § 3C1.2.[1] *Cf. United States v. Miner*, 108 F.3d 967, 970 (8th Cir.)(without discussion of double counting issue, court held that sentence was properly enhanced under § 3A1.2(b) for assaulting a

police officer while slamming into a police roadblock and under § 3C1.2 for endangering others vehicles while engaged in a chase), *cert. denied,* —— U.S. ——, 118 S.Ct. 259, 139 L.Ed.2d 186 (1997); *United States v. Alexander,* 48 F.3d 1477, 1493 (9th Cir.1995)(no double counting under § 3A1.2(b) and § 3C1.2 where defendants fled in a van following a bank robbery, shot at police officers in pursuit, and engaged in a chase at speeds up to 110 miles per hour endangering other motorists), *cert. denied,* 516 U.S. 878, 116 S.Ct. 210, 133 L.Ed.2d 142 (1995); *United States v. Swoape,* 31 F.3d 482, 483 (7th Cir. 1994)(no double counting where defendant, following bank robbery, shot at an officer, engaged the police in a high speed chase through a populated area, and instigated a shootout in a McDonald's parking lot).

## B. Defendant's Knowledge of Agent Hinton's Law Enforcement Status

■■■ Defendant also claims the District Court erred in applying enhancements under U.S.S.G. §§ 3A1.2(b) and 3C1.2 because he did not know that Agent Hinton and the other undercover officers were law enforcement officers. In order for these enhancements to apply, defendant must know or have reason to know that he is fleeing from a law enforcement officer. *See Mills,* 1 F.3d at 423 (§ 3A1.2(b)); *United States v. Hayes,* 49 F.3d 178, 183–84 (§ 3C1.2).

1. In its supplemental brief, the government contends that our Circuit rejected a similar double counting argument in *United States v. Mills,* 1 F.3d 414, 420–23 (6th Cir.1993). The government, however, somewhat overstates the holding of *Mills.* In *Mills,* the defendants burglarized a pharmacy and, during a pursuit by police officers, Mills drove his car at speeds of up to 100 miles per hour on a two-lane mountain road. Mills eventually lost control of his car and hit an officer's vehicle which resulted in serious injuries to the officer. *Id.* at 416–17. While Mills pleaded guilty, Mills' accomplice, Naftzger, proceeded to trial and was convicted of pharmacy burglary in violation of 18 U.S.C. § 2118. At sentencing, the district court applied, *inter alia,* the official victim enhancement of U.S.S.G. § 3A1.2 and the reckless endangerment enhancement of U.S.S.G. § 3C1.2.

On appeal, our Court remanded the case to the district court to conduct further findings of fact as to the official victim enhancement applied to

Naftzger (the only defendant to challenge the § 3A1.2 enhancement) because the court did not have sufficient findings before it to determine whether Naftzger or Mills were aware that the injured victim was a police officer. *Id.* at 423. The court upheld the reckless endangerment enhancement because Mills "evinced a 'wanton disregard for the safety of other motorists.'" *Id.* Thus, while the government asserts the opinion approves of applying the enhancements when an officer is injured and other motorists are endangered, the court did not decide that question for two reasons: the § 3A1.1 enhancement was remanded to the district court for further factfinding and the issue of double counting was not presented to the court for its consideration. Furthermore, the facts in the two cases are quite different. In *Mills,* the pursuit lasted several miles and the police car was not involved in the chase but was attempting to set up a road block. *Id.* at 417.

The District Court expressly found that defendant knew or should have known that the individuals in the automobiles were police officers. We cannot say that the District Court clearly erred in making this factual finding. Officer McPherson testified that he was wearing a police jersey with "Police" written across the front in big white letters and a police hat. Officer Hinton testified that when he exited his vehicle and raised his revolver at the defendant he yelled a couple of times, "Get out of your vehicle. Police" from only two to three car lengths away from defendant. Although Officer Dunn was in an unmarked police vehicle, a blue light placed on his dashboard was activated and flickering according to the testimony of McPherson and Hinton. Officer Dunn's vehicle, with the flickering blue light, was parallel to the defendant's vehicle and only an arm's length away from defendant's vehicle. Similarly, the white unmarked Lincoln driven by Ellis, and crashed into by defendant, displayed a strobe light. Furthermore, Horace Jenkins, a witness at the scene, testified that it was obvious to him that the vehicles on the scene, with the exception of defendant's vehicle, were police cars. While defendant insisted before the District Court that he was unaware the individuals were police officers, the District Court did not clearly err in determining otherwise in light of the evidence presented.

## IV.

For the foregoing reasons, defendant's sentence is **VACATED** and the case is **REMANDED** to the District Court for resentencing.