UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 99-4398

TABARI A. SPANN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-6)

Submitted: September 30, 1999

Decided: October 20, 1999

Before NIEMEYER and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. James Hoffmeyer, NETTLES, MCBRIDE & HOFFMEYER,
P.A., Florence, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Alfred W. Bethea, Jr., Assistant United States Attor-
ney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tabari Spann pled guilty to armed bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), and to using and carrying a firearm during and in relation to a crime of violence. See 18 U.S.C.A. § 924(c) (West Supp. 1999). He was sentenced to a term of fifty-seven months imprisonment for the robbery and a consecutive ten-year sentence under § 924(c)(1)(B)(i). Spann claims on appeal that the district court erred when it added two offense levels pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (1998) (Reckless Endangerment During Flight), after making a three-level adjustment under§ 3A1.2(b) (Official Victim), because both were based on the same conduct. We affirm.

Spann and two friends robbed a bank in Marion, South Carolina, at gunpoint while Spann's pregnant girlfriend, two other women, and four small children waited in two getaway cars. Police arrived quickly. As the robbers drove away, Spann fired the semi-automatic pistol he was carrying at the officers. A high-speed chase followed for at least ten or twelve miles. Eventually, both getaway cars crashed, and Spann and the others were arrested. No injuries resulted. In sentencing Spann, the district court added three offense levels under USSG § 3A1.2(b), finding that Spann had assaulted the police officers in a manner creating a substantial risk of serious bodily injury by firing a gun at them, and another two levels under USSG§ 3C1.2, finding that the chase created a danger of serious bodily injury to the children in the getaway cars and to the public.

The commentary to § 3C1.2 directs that the enhancement should not be applied "where the offense guideline in Chapter Two or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." USSG § 3C1.2, comment. (n.1). However, circuits which have

2

addressed the issue raised here have uniformly held that both adjustments may be applied where each is triggered by separate conduct. See, e.g., United States v. Rodriguez-Matos, ___ F.3d ___, 1999 WL 727038, at *11 (11th Cir. Sept. 17, 1999); (assault on officer with vehicle followed by high speed chase); United States v. Miner, 108 F.3d 967, 970 (8th Cir. 1997) (same); United States v. Alexander, 48 F.3d 1477, 1493 (9th Cir. 1995) (high-speed chase during which shots fired at pursuing officers resulting in danger to police and public); United States v. Swoape, 31 F.3d 482, 483 (7th Cir. 1994) (high-speed chase in which three officers shot and public endangered). Cf. United States v. Hayes, 135 F.3d 435, 438 (6th Cir. 1998) (one incident justifying only one adjustment where defendant rammed several police cars with his vehicle, injuring a police officer and endangering a child in his own vehicle).

The Fourth Circuit precedents on which Spann relies are not controlling. Neither United States v. Sloley, 19 F.3d 149 (4th Cir. 1994), nor United States v. John, 935 F.2d 644, 646 (4th Cir. 1991), addressed the precise issue raised here. Moreover, we find no error in the district court's determination that Spann's assault with a semi-automatic weapon on the police officers near the bank was a separate occurrence from the flight at high speed, and that the latter created a separate risk of death or serious injury to both the children and the public, and warranted an adjustment under § 3C1.2.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3