230

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeremy WRIGHT, Defendant–Appellant.

No. 00–5623.

United States Court of Appeals,
Sixth Circuit.

Aug. 28, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

### ORDER

Jeremy Wright appeals his judgment of conviction and sentence entered on April 21, 2000. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Wright guilty of conspiring to possess cocaine with the intent to distribute and to distribute it in violation of 21 U.S.C. § 846, and possessing cocaine with the intent to distribute it and aiding and abetting the same in viola-

tion of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Wright to 120 months of imprisonment and three years of supervised release.

In his timely appeal, Wright claims that: 1) insufficient evidence supports the jury's verdict; 2) the district court incorrectly computed the drug quantity for sentencing purposes; 3) the district court improperly enhanced his sentence for possession of a firearm; 4) the district court erred in find-'ing that the evidence established reckless endangerment during flight within the meaning of USSG § 3C1.2; 5) the district court erred in applying both the reckless endangerment enhancement and the official victim enhancement under USSG § 3A1.2(b); and 6) the district court erred in computing his criminal history category. The parties have filed briefs in which they expressly waive oral argument.

This court's review for the sufficiency of trial evidence is limited. *United States v. Morrow,* 977 F.2d 222, 230 (6th Cir.1992). Generally, this court reviews the sufficiency of the evidence in challenged criminal convictions by considering all facts in the light most favorable to the government, and then deciding if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Elder,* 90 F.3d 1110, 1120 (6th Cir.1996).

█ Upon review, we conclude that sufficient evidence supports Wright's convictions. The essential elements of conspiracy under 21 U.S.C. § 846 are (1) an agreement by two or more persons to violate the drug laws, and (2) knowledge of,

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

intention to join, and participation in the conspiracy on the part of each conspirator. *United States v. Maliszewski*, 161 F.3d 992, 1006 (6th Cir.1998). To obtain a conviction under § 841(a)(1), the government must prove that the defendant knowingly and intentionally possessed a controlled substance with the intent to distribute it. *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir.1994).

 The jury heard sufficient evidence of a conspiracy to sell cocaine. A conspiracy conviction should not be disturbed unless there is insufficient evidence from which a rational jury member could find beyond a reasonable doubt that the defendant was a member of a conspiracy. *See United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir.1986), *aff'd*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). The jury heard testimony that Wright and a man named Christopher Holley negotiated to sell a half kilogram (500 grams) of cocaine to a man who turned out to be an undercover police detective. The undercover police officer testified that the parties met at a parking lot to exchange the drugs for money. Thus, sufficient evidence supported Wright's conspiracy conviction because there was at least tacit coordination among Wright and Holley in consummating the drug deal. *See United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir.1989). At the parking lot, Wright insisted that the undercover officer get in his (Wright's) vehicle to count the money and exchange the cocaine. Wright even showed the cocaine to the undercover officer. The officer's testimony supports Wright's possession with intent to distribute conviction. *See United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir.), *cert. denied*, 528 U.S. 1051, 120 S.Ct. 592, 145 L.Ed.2d 492 (1999).

 The district court properly determined the quantity of drugs involved in the offenses. Generally, a district court's findings of fact concerning the amount of drugs attributable to a defendant must be accepted by this court unless clearly erroneous. *United States v. Ward*, 68 F.3d 146, 149 (6th Cir.1995). The district court must approximate the quantity of drugs when there is no seizure, or the amount seized does not reflect the scale of the offense. See USSG § 2D1.1, comment. (n.12). In doing so, the court may estimate that the amount is within a specified range. *Elder*, 90 F.3d at 1127. An approximation is particularly called-for where, as here, the defendant threw the drugs from his car during a high-speed chase. *See United States v. Angulo*, 927 F.2d 202, 205 (5th Cir.1991).

For the purpose of determining Wright's sentence, the district court made an approximation and held Wright accountable for 250 grams of cocaine. Wright challenges the district court's use of 250 grams of cocaine to determine his sentence under USSG § 2D1.1 on the grounds that a lesser amount was recovered from the street and alleged in the indictment. The district court's approximation is not clearly erroneous; rather, it is the result of an abundance of caution. The undercover officer negotiated for 500 grams of cocaine at a price of $13,000. In cases involving incomplete drug negotiations, the district court is to make findings of fact regarding the defendant's intent and ability to produce the drugs or cash. *United States v. Ferguson*, 23 F.3d 135, 142 (6th Cir.1994); *United States v. Gessa*, 971 F.2d 1257, 1265–67 (6th Cir.1992) (en banc). [The pertinent guideline in *Gessa* has been deleted, but the current USSG § 2D1.1, comment. (n. 12), is to the same effect.] It stands to reason that Wright could not have brought noticeably less than the promised 500 grams to the transaction because he would not have received

the negotiated price of $13,000. Wright's co-conspirator even reassured the undercover officer by saying "[i]t's all good though." That statement stands as competent evidence in the record that the promised amount of cocaine (500 grams) would be sold for the promised amount ($13,000). Moreover, Wright offers no evidence whatsoever to prove that he was incapable of producing the negotiated amount of cocaine. *See United States v. Christian,* 942 F.2d 363, 368 (6th Cir. 1991). Thus, competent evidence in the record exists to hold Wright accountable for 500 grams of cocaine. *A fortiori,* competent evidence in the record exists to hold him accountable for 250 grams of cocaine.

The district court did not err by enhancing Wright's sentence for possession of a firearm. Wright argues that his sentence should not have been enhanced under USSG § 2D1.1(b)(1) based on his possession of a firearm because he was acquitted of the charge under 18 U.S.C. § 924(c). A district court may enhance a defendant's sentence for possession of a firearm despite the fact that the jury acquitted the defendant on the § 924(c) charge. *United States v. Moreno,* 933 F.2d 362, 374 (6th Cir.1991).

The district court did not err in finding that the evidence established reckless endangerment during flight within the meaning of USSG § 3C1.2, and the district court did not err in applying both the reckless endangerment enhancement and the official victim enhancement under USSG § 3A1.2(b). Whether a defendant engaged in reckless endangerment in the process of flight is a fact-specific inquiry reviewed for clear error. *United States v. Rice,* 184 F.3d 740, 742 (8th Cir.1999); *United States v. Lipsey,* 62 F.3d 1134, 1135–36 (9th Cir.1995).

■ Section 3C1.2 provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." The commentary to this section construes "during flight" broadly to include preparation for flight. The enhancement may be applied even if no one was actually injured; the relevant issue is whether the defendant's conduct increased the risk of injury to others. *United States v. Emerson,* 128 F.3d 557, 563–64 (7th Cir.1997).

When the record is considered under this standard, it is clear that the evidence supports the district court's application of the reckless endangerment enhancement.

Similarly, the evidence supports the district court's application of the official victim enhancement. Section 3A1.2(b) requires only that the defendant assault a law enforcement officer "during the course of the offense or immediate flight therefrom." The court reviews for clear error the district court's factual finding that Wright either knew or had cause to believe that cars attempting to block his escape contained law enforcement officers. *See United States v. Hayes,* 135 F.3d 435, 437 (6th Cir.1998).

■ When the record is considered under this standard, it is clear that the evidence supports the district court's application of the official victim enhancement. The court heard testimony that Wright, while attempting to escape, rammed his automobile into several undercover police cars, one of which had its blue lights activated.

■ The district court did not err in applying both of the foregoing enhancement provisions. Wright argues that application of the reckless endangerment enhancement and the official victim en-

hancement constitutes impermissible double counting. "Double counting" exists when the same conduct was used as the basis for two enhancements applied to the same count group. *Id.* at 437–38. In the immediate case, however, Wright did not engage in a single uninterrupted act that resulted in injury to a law enforcement officer and put citizens in danger, *see id.* at 438 (defendant engaged in a single uninterrupted act because he sought to escape police by punching car accelerator); rather, this case presents a factual situation wherein Wright's conduct was not limited to a single impulse. Wright rammed police cars in the parking lot in two series of collisions. Thereafter, he endangered citizens on the sidewalk and on the streets of Memphis, Tennessee during his high speed escape attempt.

Finally, we conclude that the district court correctly computed Wright's criminal history category. Wright argues that: 1) he should not have received criminal history points for the probation violation described in paragraph 36 of the Presentence Report (PSI); and 2) he was improperly assessed one criminal history point for a marijuana possession conviction that resulted in a fine. Wright's first argument is meritless. Section 4A1.2(k) provides that a sentence imposed upon revocation of parole be added to the original term of imprisonment, requiring the sentencing court to count them as a single sentence for purposes of criminal history scoring. The record reveals that Wright received a suspended sixty-day sentence for possession of marijuana. Wright's probation on that sentence was revoked, and Wright was sentenced to sixty days in custody. Accordingly, the district court correctly used sixty days in assessing two criminal history points under USSG § 4A1.1(b).

Wright's second argument is likewise meritless. He contends that his misdemeanor marijuana conviction should not be used to calculate his criminal history score. A court may rely on a prior misdemeanor conviction for which the defendant was not incarcerated in computing the defendant's criminal history score. *Nichols v. United States*, 511 U.S. 738, 746–47, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).

Accordingly, we hereby affirm Wright's judgment of conviction and sentence.