**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith Charles RAPP, Defendant–
Appellant.**

**Nos. 00–1556, 00–1558.**

United States Court of Appeals,
Sixth Circuit.

May 28, 2002.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

## OPINION

NORRIS, Circuit Judge.

Defendant Keith Charles Rapp appeals his sentence for assaulting a law enforcement officer with a dangerous weapon, 18 U.S.C. § 111(a)(1) and § 111(b). Defendant contends that the district court erred in several respects in its calculation of his sentence. Finding no error, we affirm the sentence.

In July 1999, defendant entered pleas of guilty to two counts of assaulting a law enforcement officer with a dangerous weapon. Both counts stem from defendant's actions following a traffic stop by Tribal Police Officer Gerald Smith in the Saginaw–Chippewa Indian Tribe Reservation, located in Isabella, Michigan. Officer Smith stopped defendant after observing him driving a pickup truck loaded with unsecured semi-tractor tires. Defendant initially complied with Officer Smith's request to stop but then sped away, leading him on a high speed chase for several miles. During the course of the chase

defendant forced another tribal police officer off the road.

In addition to pleading guilty to the two assault counts, defendant entered a plea of guilty to one count of absconding on bond, 18 U.S.C. § 3146, for his failure to appear at a sentencing hearing which had been rescheduled at his request. He was sentenced to concurrent terms of 101 months for the two assault counts and a consecutive term of 24 months for the absconding charge. In this appeal defendant's only challenge is to his sentence for the assault counts.

I.

We review the district court's application of sentencing guidelines de novo. *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir.1998). The district court's findings of fact with respect to that application, however, are reviewed for clear error. *Id.*

A. Application of U.S.S.G. §§ 3A1.2 and 3C1.2

■ Defendant contends that the district court engaged in impermissible "double-counting" when it applied two upward adjustments to his base offense level. The first was a three-level upward adjustment for assault of a law enforcement officer "in a manner creating a substantial risk of bodily injury." U.S.S.G. § 3A1.2(b). The second was an additional two-level upward adjustment for creating "a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Defendant argues that the district court erred in applying both of these enhancements because they relate to the same underlying conduct.

Defendant correctly points out that § 3C1.2 should not be applied where another adjustment results in an equal or greater enhancement "solely on the basis of the same conduct." U.S.S.G. § 3C1.2, comment. (n.1); *see also United States v. Hayes*, 135 F.3d 435, 437–38 (6th Cir.1998). In this case, however, the district court did not err in applying both enhancements because each was based upon separate conduct.

Application of § 3A1.2(b) was justified by defendant's conduct during the high speed chase that endangered both tribal police officers. Defendant swerved and intentionally dropped semi-tractor tires in the path of one officer's car; twice backed up into that same officer's car; and drove his truck directly at the second officer's vehicle, forcing him off the road in order to avoid a head-on collision.

An adjustment based on § 3C1.2 was justified by separate conduct during that same chase which endangered the general public. Specifically, defendant created danger to other motorists by leading Officer Smith on a high speed chase for several miles and by running through a stop sign at 80 m.p.h. across a major road. Accordingly, we find no error in the district court's application of both enhancements.

B. Application of U.S.S.G. § 3C1.2

In addition to arguing that application of both § 3A1.2(b) and § 3C1.2 constitutes impermissible "double-counting," defendant contends that the district court erred in applying § 3C1.2 because there was no evidence in the record of actual endangerment to anyone other than the two officers. Defendant argues that this enhancement is only justified where the record contains evidence that an identifiable individual was in danger.

■ Section 3C1.2 permits a two-level increase in the base offense level "[i]f the defendant recklessly created a substantial

risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. This enhancement does not require evidence that an "identifiable individual" was endangered by a defendant's conduct. *See, e.g., United States v. Valdez,* 146 F.3d 547, 554 (8th Cir.1998) (fleeing police at speeds of 70–80 m.p.h. in rural area in daylight even though no vehicles or pedestrians were encountered justified application of § 3C1.2). Rather, the language of this provision only requires that a defendant's conduct create the "substantial risk" of danger to another person.

In this case defendant engaged in a high speed chase which itself created a substantial risk to other motorists. In addition, he increased the potential risk of harm to others by ignoring and driving through, at a high rate of speed, a stop sign at an intersection with a major road. Regardless of whether someone was actually driving through the intersection, defendant's reckless driving created the substantial risk that another person might have been seriously injured sufficient to justify application of § 3C1.2.

*C. Reduction for acceptance of responsibility under § 3E1.1*

Defendant argues that the district court erred in refusing to grant him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he entered his plea on the morning of his trial. Section 3E1.1 provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility ...", the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5). Nevertheless, we review the application of § 3E1.1 de novo where the only issue is the propriety of its application to uncontested facts. *United States v. Childers,* 86 F.3d 562, 563 (6th Cir.1996).

■ Defendant argues that he is entitled to this reduction because of his "courageous" action in pleading guilty prior to trial without the benefit of a plea agreement. Defendant is correct that "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3). "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* Moreover, "[c]onduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment.(n.4). The district court specifically relied on the enhancement of defendant's sentence under § 3C1.1 for his failure to appear at the initial sentencing hearing in its decision not to grant credit under § 3E1.1, and we find no error with that reasoning.

*D. Base Offense Level under U.S.S.G. § 2A2.2*

Defendant's final argument is that the district court erred in applying a base offense level of 15 under U.S.S.G. § 2A2.2 for "aggravated assault." Defendant argues that the court should have applied a base offense level of 6 under U.S.S.G. § 2A2.4 for "obstructing or impeding officers." Defendant failed to object to the application of § 2A2.2 at sentencing and, therefore, we review this claim for plain error. *United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998), *cert. denied,* 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 371 (1999).

The commentary to § 2A2.2 defines "aggravated assault" as "a felonious assault

that involved (A) a dangerous weapon with intent to cause bodily harm (*i.e.*, not merely to frighten)...." U.S.S.G. § 2A2.2, comment. (n.1). Defendant argues that the record does not support a finding that he specifically intended to cause serious bodily harm to the two officers.

■ We have recognized that a motor vehicle qualifies as a deadly weapon, *see United States v. Beckner*, 983 F.2d 1380, 1383 n. 1 (6th Cir.1993) (internal citations omitted), and the conduct of defendant described above which endangered the two officers clearly showed the intent to cause bodily harm. Therefore, it was not plain error for the district court to apply the base offense level for aggravated assault under § 2A2.2.

## II.

The sentence of defendant is affirmed.