NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0013n.06

No. 22-6066

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 10, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DERRICK BROOKS, | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Derrick Brooks pleaded guilty to being a felon in possession of a firearm, and the district court imposed a 110-month prison sentence. On appeal, Brooks asserts that the district court erroneously applied a sentencing enhancement for reckless endangerment during flight and that it relied on a mistaken belief concerning its imposition of a sentence concurrent to his undischarged state sentences. We affirm in part and remand in part.

I.

In early spring 2021, Brooks was serving a three-year supervised-probation sentence for aggravated assault (a felony) under Tennessee law. Law enforcement officials in Morgan County, Tennessee, investigated a rash of burglaries at that time and suspected Brooks's involvement. Following the report of a pistol stolen from a house, an officer observed Brooks driving a

motorcycle with "an axe strapped to the handlebars" and commenced pursuit. The following facts

from the presentence report—to which Brooks did not object—provide the sole details of his flight:

> When the officer activated his emergency lights, Mr. Brooks continued to drive at a high rate of speed. Defendant Brooks eventually crashed the motorcycle and upon crashing, he fled the scene on foot. The officer chased Mr. Brooks for approximately 400 feet and commanded him to stop. Eventually, the officer caught up to the defendant and tackled him. Another officer arrived on the scene, and they were able to place the defendant in handcuffs.

In defendant's waistband was the stolen pistol, "which was loaded with one round in the chamber."

Law enforcement officials additionally discovered several other stolen items in his possession.

Defendant's conduct generated numerous criminal proceedings. In state court, Brooks was

charged with and pleaded guilty to five felonies stemming from his burglary spree: one count of

evading arrest and four counts of aggravated burglary. Additionally, he was separately charged

with and convicted of violating the terms of his probation for failing to submit proof of obtaining

employment, submit to drug screening, and report to his probation officer. In the same proceeding

(but under a separate case number): (1) Brooks's probation was revoked, and he was sentenced to

serve the rest of his aggravated-assault conviction in prison; and (2) he was sentenced to serve

four-and-a-half years in prison for the five felonies, to be served consecutively to his newly

imposed prison term for his aggravated-assault conviction.

In federal court, Brooks was indicted for and pleaded guilty to being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). The presentence report recommended that the

district court apply enhancements under U.S.S.G. § 2K2.1(b)(4)(A) (possessing a stolen firearm),

§ 2K2.1(b)(6)(B) (using a firearm in connection with another felony offense—the aggravated

burglaries and evading arrest), and § 3C1.2 (reckless endangerment during flight). Brooks

objected to the reckless-endangerment enhancement, contending only that the another-felony-

offense enhancement already accounted for that conduct. The district court overruled that

objection, adopted the presentence report, calculated the Guidelines range as 110 to 120 months, and imposed a 110-month sentence.

II.

Brooks challenges the district court's application of the reckless-endangerment enhancement under § 3C1.2, which applies when "the defendant recklessly create[s] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The enhancement is proper when the government establishes that a defendant "(1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct 'occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *United States v. Dial*, 524 F.3d 783, 786–87 (6th Cir. 2008) (citation omitted). "Reckless," in this context, means "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. n.1; *see* U.S.S.G. § 3C1.2 cmt. n.2 (cross-referencing § 2A1.4 cmt. n.1).

In defendant's view, the district court erroneously applied this enhancement because the government failed to establish the "specific risk" associated with his flight. He points to, for example, a lack of factual detail concerning the area in which he drove at a "high rate of speed" and whether other individuals or vehicles were in the vicinity. *See United States v. Mukes*, 980 F.3d 526, 536 (6th Cir. 2020). Because Brooks failed below to substantively challenge the facts supporting this enhancement, we review this challenge for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). We find plain error "sparingly, only in

exceptional circumstances, and solely to avoid a miscarriage of justice." *United States v. Miller*, 734 F.3d 530, 537 (6th Cir. 2013) (citation omitted).

Due to its "highly fact-based" nature, we give "significant deference" to a district court's determination that a defendant's conduct constituted reckless endangerment. *United States v. Hazelwood*, 398 F.3d 792, 796 (6th Cir. 2005). Overlaying that deference with plain-error review dictates affirmance here. "A lack of binding case law that answers the question presented . . . preclude[s] our finding of plain error." *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). And here, no binding case law answers the question of whether this enhancement is applicable based on defendant's high-speed flight and motorcycle crash alone.[1] Indeed, our case law generally provides that "high speed driving . . . typically supports an endangerment finding." *United States v. Woods*, 604 F.3d 286, 293 (6th Cir. 2010); *see also United States v. Rapp*, 39 F. App'x 198, 201 (6th Cir. 2002) ("In this case defendant engaged in a high speed chase which itself created a substantial risk to other motorists.").

Brooks argues that *Mukes* requires a holding to the contrary. Although both Brooks and Mukes possessed a firearm, *Mukes* is otherwise inapposite. There, our concern was not *how* the defendant fled (Mukes ran from police on foot), rather it was *what* he did with the gun in his possession during flight (he dropped it). 980 F.3d at 537–39. In that context, we concluded that the government needed to expand the record concerning the risk to others by establishing "the presence of bystanders, potential or otherwise." *Id.* at 538. Here, no published case answers the question of whether the same level of detail is required for high-speed motorized flight culminating

---

[1]The government alternatively argues on appeal that the enhancement was proper because Brooks possessed a firearm in his waistband at the time he was tackled by police, asserting "his loaded handgun could have fallen out of his waistband, dropped on the ground, and discharged." We do not address this argument given our conclusion that the high-speed flight and crash alone satisfy plain-error review.

in a crash, irrespective of gun possession. So the district court did not plainly err in finding applicable the reckless-endangerment enhancement under § 3C1.2.

### III.

That leaves us with the parties' matching requests to issue a limited remand for the district court to address its apparent reliance on the parties' erroneous factual assumptions concerning defendant's state sentences and its imposition of a concurrent sentence here.

At sentencing, the district court engaged in an extensive colloquy with counsel regarding whether to make its sentence consecutive or concurrent to Brooks's state sentences—those arising from his probation violations set forth in paragraph 47 of the presentence report, and his separate burglary-related state convictions identified in paragraph 48 of the presentence report. Brooks's counsel asked that the district court run the sentence "concurrent" with the undischarged state sentence covering "the same exact conduct," i.e., those convictions set forth in paragraph 48. The government agreed a concurrent sentence was appropriate but noted that the conduct set forth in paragraph 47 was "not relevant conduct," and therefore, the district court could determine whether to impose a consecutive or concurrent sentence to that undischarged matter. Brooks's counsel then replied: "*He was revoked and sentenced together with 48.*" (Emphasis Added). Based on that articulation, Brooks's counsel agreed with the district court that "any ruling from the Court on paragraph 47 *is unnecessary.*" (Emphasis Added). The district court then found that Brooks's convictions for evading arrest and aggravated burglary constituted relevant conduct and imposed a 110-month sentence "concurrent with the sentence in paragraph 48 of the presentence report." It said nothing with respect to paragraph 47.

We agree that a limited remand is in order, for it appears both the parties and the district court assumed that because the pending state-court matters were resolved as part of the same

proceeding, they would run concurrently with the imposed federal sentence even though the state sentences were consecutive to each other. Yet, absent an order from the district court running Brooks's federal sentence concurrently with the probation-violation sentence, that cannot be.

IV.

For these reasons, we affirm in part and remand to the district court to consider anew whether to run its sentence imposed in this matter consecutively to or concurrently with Brooks's state sentences.