NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0457n.06

Case No. 22-3810

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Nov 18, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| VINCENT RICHARDSON, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SILER, GRIFFIN, and MATHIS, Circuit Judges.

**SILER, Circuit Judge.** Vincent Richardson appeals his sentence following his guilty plea to multiple federal drug trafficking charges. He argues that the district court erred in applying a two-level enhancement for maintaining a premises for drug trafficking under USSG § 2D1.1(b)(12), imposed an improper two-level role enhancement for his role as an organizer or leader under USSG § 3B1.1(c), failed to adequately account for the sentencing disparity between him and his co-defendants, and erred in running all but 55 months of his sentence consecutive to his undischarged state sentence. For the reasons below, we AFFIRM the district court's judgment.

**I.**

In September 2020, a federal grand jury indicted Richardson and ten co-defendants for their involvement in a drug trafficking organization known as the "Money Team," which operated in Warren, Ohio. Richardson was charged with conspiracy to distribute controlled substances, multiple counts of distribution and possession with intent to distribute controlled substances, use

of communication facilities in furtherance of drug trafficking, and possession of a firearm in furtherance of a drug trafficking crime.

Law enforcement began investigating Richardson in 2015 when it received reports of drug trafficking at 1367 Hamilton Street SW, a residence associated with Richardson. Officers observed high volumes of traffic consistent with drug sales and received reports of overdoses linked to drugs sold from that location. In May 2018, Richardson was arrested after arranging a controlled drug transaction at the same residence. A search of the property uncovered drugs, drug paraphernalia, and items bearing the "Money Team" moniker. Richardson was subsequently convicted in state court and sentenced to 120 months' imprisonment in March 2020.

Despite his incarceration, Richardson continued his involvement in drug trafficking. Between March 2019 and February 2020, investigators conducted controlled purchases of drugs from Richardson and his associates. Richardson either conducted the transactions himself or directed others to do so on his behalf. During this period, law enforcement executed multiple search warrants at properties associated with Richardson, uncovering significant quantities of drugs, paraphernalia, and firearms.

In 2022, Richardson pleaded guilty to all counts without a plea agreement. The Presentence Report ("PSR") calculated Richardson's base offense level at 30 under USSG § 2D1.1(c)(5). It recommended a two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for drug trafficking and another two-level enhancement under § 3B1.1(c) for his role as an organizer or leader. After a three-level reduction for acceptance of responsibility, his total offense level was 31. With a criminal history category of VI, his advisory Guidelines range was 188 to 235 months' imprisonment, plus a mandatory consecutive 60 months for the firearm offense

under 18 U.S.C. § 924(c). Richardson objected to both enhancements and argued that his sentence should run concurrently with his undischarged state sentence.

At the sentencing hearing, the district court overruled Richardson's objections and applied both enhancements. The court sentenced him to 235 months on the drug counts, a consecutive 60 months on the firearm count, and ordered that 55 months run concurrently with his state sentence, with the remaining 240 months to run consecutively.

Richardson timely appealed. During the appeal, it was discovered that the district court had failed to sentence him on Counts 81, 91, and 92. The case was remanded for resentencing on those counts. On remand, the district court imposed concurrent 235-month sentences on Counts 81, 91, and 92, to run concurrently with the previously imposed sentences. Richardson's total sentence remained 295 months.

## II.

We review a district court's sentencing decisions for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). When examining a district court's decisions under the Guidelines, this court reviews mixed questions of law and fact de novo and findings of fact for clear error. *United States v. Hayes*, 135 F.3d 435, 437 (6th Cir. 1998) (citation omitted). Under clear error review, reversal is only warranted if this court "is left with the definite and firm conviction" that the district court erred. *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011) (quoting *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004)). At the sentencing hearing, the burden lies on the government to prove "that the enhancement applies by a preponderance of the evidence." *United States v. Nicolescu*, 17 F.4th 706, 725 (6th Cir. 2021) (quoting *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000)).

**A.**

Richardson challenges the two-level enhancement for maintaining a premises for drug trafficking. A two-level enhancement applies if the defendant knowingly "maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12); *United States v. Taylor*, 85 F.4th 386, 389 (6th Cir. 2023). The government must show that the defendant (1) had a possessory interest in the premises and (2) used the premises primarily for drug distribution or manufacturing. *See United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013).

Richardson owned the residence at 1367 Hamilton Street SW, which was used primarily for drug trafficking. Law enforcement observed high volumes of traffic consistent with drug sales and received reports of overdoses linked to the residence between 2015 and 2018. In May 2018, Richardson was arrested at this address after arranging a controlled drug sale to a confidential informant. Richardson also conducted two drug transactions at this residence in 2019. Law enforcement executed search warrants at the residence on three occasions between 2019 and 2020, each time finding drug paraphernalia, significant amounts of controlled substances, and tools associated with drug manufacturing.

Under USSG § 2D1.1(b)(12), maintaining even a single premises for drug trafficking is sufficient for the enhancement to apply. This court has upheld the enhancement when the defendant maintained one premises used primarily for drug activities. *See, e.g.*, *United States v. Bell*, 766 F.3d 634, 637 (6th Cir. 2014); *Johnson*, 737 F.3d at 447. Therefore, we need not analyze other properties associated with Richardson that the district court also relied upon to apply the enhancement, as the evidence regarding 1367 Hamilton Street SW alone is sufficient to support

the enhancement. Because Richardson maintained that residence for the primary purpose of drug trafficking, the district court did not err in applying the enhancement under § 2D1.1(b)(12).

**B.**

Richardson also challenges the two-level enhancement for his role as an organizer, leader, manager, or supervisor under USSG § 3B1.1(c). The Guidelines provide for a two-level increase in the base offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" not described in subsections (a) or (b), which pertain to larger-scale operations involving five or more participants or activities that are otherwise extensive. USSG § 3B1.1. To qualify for the enhancement under § 3B1.1(c), the government must prove by a preponderance of the evidence that the defendant exerted control, authority, or influence over at least one other participant in the criminal activity. *Vandeberg*, 201 F.3d at 811.

The record supports the district court's application of the role enhancement because Richardson played a leadership role in the "Money Team" organization.[1] The PSR indicates that Richardson co-founded the "Money Team" and supplied drugs to subordinate dealers. Wiretap evidence captured Richardson directing his girlfriend to conduct drug transactions on his behalf, including setting prices and instructing her on handling sales. Co-conspirators reported to Richardson about the status of drug sales and shortages, also indicating his supervisory role.

Directing others to deliver drugs demonstrates managerial control. *United States v. Minter*, 80 F.4th 753, 758 (6th Cir. 2023). Forming and leading a drug trafficking organization also supports a leadership enhancement. *See United States v. Sexton*, 894 F.3d 787, 792, 795 (6th Cir. 2018) (finding the enhancement appropriate where the defendant organized the criminal activity).

---

[1] The district court was permitted to "rely on the PSR's facts" as Richardson failed to "produce[] evidence that contradicts the PSR's findings." *United States v. House*, 872 F.3d 748, 752 (6th Cir. 2017) (citation omitted).

Instructing others on drug transactions indicates control over participants. *See United States v. Cheese*, 39 F. App'x 257, 259, 265 (6th Cir. 2002) (upholding the enhancement because the defendant instructed others as to drug transactions via telephone while incarcerated in a county jail). Therefore, the district court did not err in applying the two-level enhancement under § 3B1.1(c).

**C.**

Richardson argues that his sentence is substantively unreasonable due to disparities with his co-defendants and national averages.

Under 18 U.S.C. § 3553(a), the district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" of sentencing, including "reflect[ing] the seriousness of the offense, [ ] promot[ing] respect for the law, . . . provid[ing] just punishment[,]" deterring criminal conduct, and protecting the public. One of the key factors courts must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"   18 U.S.C. § 3553(a)(6). However, this provision concerns national disparities between similarly situated defendants, not disparities among co-defendants. *See United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008).

Nonetheless, the district court addressed this issue, noting that Richardson was "at the top of the food chain" and warranted a higher sentence. The court also considered national sentencing data but found that Richardson's aggravating factors justified a sentence at the high end of the Guidelines range. The court noted that the average sentence for similarly situated defendants was 173 months, but Richardson's leadership role, extensive criminal history, and undeterred criminal conduct warranted a higher sentence.

Richardson had a criminal history category of VI and continued drug trafficking while on probation and during incarceration, demonstrating a lack of respect for the law. The district court provided a thorough explanation of its reasoning, properly weighed the § 3553(a) factors, and imposed a sentence within the advisory Guidelines range, which is presumptively reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Therefore, the sentence is substantively reasonable.

**D.**

Richardson contends that the district court abused its discretion by ordering most of his federal sentence to run consecutively to his undischarged state sentence. We review a district court's decision to impose consecutive sentences for abuse of discretion. *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009).

Under 18 U.S.C. § 3584(a), the district court has discretion to determine whether sentences run consecutively or concurrently. This discretion is guided by the consideration of the factors listed in 18 U.S.C. § 3553(a). *Berry*, 565 F.3d at 342. USSG § 5G1.3 also provides guidance. Section 5G1.3(b) applies when the undischarged term resulted from offenses that are relevant conduct to the instant offense and were the basis for an increase in the offense level. Section 5G1.3(d) applies in other cases, allowing the court to impose the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment." Application Note 4(A) to USSG § 5G1.3(d) advises that in cases where subsection (d) applies, the court should consider several factors, including the § 3553(a) factors, "the type . . . and length of the prior undischarged sentence, . . . the time served on the undischarged sentence and the time likely to be served before release," and any other relevant circumstance.

Richardson's state conviction was not relevant conduct to his federal offenses. While the state and federal cases may share some factual overlap, the federal conspiracy indictment focused on conduct between March 2019 and February 2020—long after the state charges were filed. Richardson's federal charges involved additional drug premises, ongoing drug distribution activities, and possession of firearms in furtherance of drug trafficking. These facts indicate that Richardson's federal conspiracy involved conduct beyond that underlying his state conviction, justifying the district court's decision to impose a partially consecutive sentence.

Imposing a consecutive sentence is appropriate when the federal offense involves conduct distinct from the state conviction, even if both cases share some factual overlap. *See Berry*, 565 F.3d at 343. A key factor that justified the district court's decision was Richardson's persistent drug trafficking activities, even after his state conviction and while he was serving his state sentence. Continued criminal activity while incarcerated justifies consecutive sentences. The district court did not abuse its discretion. Its decision aligns with § 5G1.3(d) and the § 3553(a) factors. The court adequately explained its reasoning, and the partially consecutive sentence was procedurally and substantively reasonable. *See United States v. Villa-Castaneda*, 755 F. App'x 511 520–23 (6th Cir. 2018).

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.